PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 94-8323

————————

D. C. Docket No. 1:94-00305-CV

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/04/98
THOMAS K. KAHN
CLERK

ROBERT BLAIK,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

————————

Appeal from the United States District Court
for the Northern District of Georgia

————————

**(December 4, 1998)**

ON PETITION FOR REHEARING

Before HATCHETT, Chief Judge, BIRCH, Circuit Judge, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

Appellant Robert Blaik moved the district court under 28 U.S.C. § 2255 to correct the

restitution portion of his sentence. The district court denied his motion. We originally reversed

the lower court's denial and vacated the restitution portion of his sentence, but after further study we now grant the government's petition for rehearing. Our previously published opinion in Blaik v. U.S., 117 F.3d 1288 (11th Cir. 1997), is vacated. This opinion is entered in lieu thereof.

Blaik seeks a reduction in the amount of restitution he was ordered to pay as part of his sentence for his conviction of mail fraud under 18 U.S.C. § 1341. Blaik moved the district court under § 2255 for this reduction in his sentence. The facts and the complicated procedural history of this case were well stated in the prior opinion of this court. Because that opinion is published we adopt in full its statement of the facts and history of this case. See Blaik, 117 F.3d at 1289-91.

The single issue we reach in this case is whether § 2255 may be utilized by a person in federal custody to attack only the restitution portion of his sentence. Because we find that relief from restitution is a remedy not authorized by the statute, we affirm the district court in denying Blaik's habeas motion.

Section 2255 states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Throughout the history of habeas litigation much has been made of the "in custody" requirement that must be met for a petitioner to prevail. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989)(discussing the "in custody" requirement); Carafas v. LaVallee, 391 U.S. 234, 238

2

(1968)(discussing "in custody" requirement in jurisdictional terms). This case does not pose that issue because Blaik, who is on parole, is clearly in custody for the purposes of the statute. See Birdsell v. Alabama, 834 F.2d 920, 921 (11th Cir. 1987)(custody requirement satisfied by a petitioner on parole). Less discussion exists of the statute's requirement that a prisoner must be "claiming the right to be released." Here we are faced with the motion of a prisoner who does not request a release from custody but only a reduction in the amount of restitution he was ordered to pay. If granted this request would require us to take an action that is not authorized by the plain language of the statute. A reduction in restitution is not a release from custody.

Other courts that have considered this issue have consistently held that § 2255 may not be utilized for the sole purpose of attacking fines and orders of restitution. See Barnickel v. U.S., 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. U. S., 94 F.3d 20, 25-6 (1st Cir. 1996); U.S. v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); U.S. v. Segler, 37 F.3d 1131, 1136-37 (5th Cir. 1994); U. S. v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990). Although these cases are uniform in their ultimate holdings, disparity exists in how the circuits have characterized and justified their rulings. There is authority that the requirements of § 2255 (and § 2254) are jurisdictional in nature. See Carafas, 391 U.S. at 238 (discussing custody requirement of federal habeas statute as a jurisdictional prerequisite). If so then we have no discretion over this appeal because federal jurisdiction is lacking. Most courts addressing this issue have not couched their opinions in jurisdictional language. Some speak in terms of a lack of standing to challenge fines. See Michaud, 901 F.2d at 7. Others simply delineate the problem as one of statutory construction and note that § 2255 does not provide the relief requested. Watroba, 56 F.3d at 29 ("The plain language of § 2255 provides only prisoners who claim a right to be released from custody an avenue to challenge

3

their sentences[.]").  At least one court of appeals has held that fines do not satisfy the prejudice prong of <u>Strickland v. Washington</u>,466 U.S. 668 (1984), thus precluding an ineffective assistance of counsel claim, which is the same constitutional vehicle Blaik used to challenge his restitution sentence. <u>See</u> <u>Segler</u>, 37 F.3d at 1137.

We do not attempt to decide which depiction of this issue is correct.  Instead we note that the government properly raised this issue in its brief as an alternate reason to affirm the district court's denial of Blaik's motion.  Whatever other characterization of the issue might apply, we agree with the government that Blaik's requested remedy is beyond the relief offered by the statute.  Therefore, we hold that § 2255 cannot be utilized by a federal prisoner who challenges only the restitution portion of his sentence because § 2255 affords relief only to those prisoners who "claim[] the right to be released" from custody.

We AFFIRM the district court's judgment denying Blaik's § 2255 motion seeking a corrected sentence.