**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 00-6603

CALVIN ANGELO COWARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CR-90-52-4-H, CA-00-49-4-H)

Submitted: August 18, 2000

Decided: September 18, 2000

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed on other grounds by unpublished per curiam opinion.

_____

**COUNSEL**

Calvin Angelo Coward, Appellant Pro Se. Barbara Dickerson Kocher,
OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Calvin Angelo Coward appeals from the district court's orders denying relief on his motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 2000), and denying his subsequent motion to alter or amend the judgment. We have reviewed the district court's orders and find no reversible error. Although the district court erroneously found that Coward's § 2255 motion was successive,* it is well-settled that § 2255 relief may not be granted when the defendant challenges only a fine or restitution order. See United States v. Blaik, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases). Accordingly, we grant a certificate of appealability and affirm the district court's orders on other grounds. See United States v. Coward, Nos. CR-90-52-4-H; CA-00-49-4-H (E.D.N.C. Apr. 5 & 17, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED ON OTHER GROUNDS

_____

*See In re Taylor, 171 F.3d 185, 186 (4th Cir. 1999) (finding subsequent petition was not second or successive because defendant sought to vacate amended sentence on grounds opened by the resentencing); Walker v. Roth, 133 F.3d 454, 455 (7th Cir. 1997) (holding second habeas petition attacking for first time constitutionality of newly imposed sentence is not second or successive).

2