**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

No. 02-7747

ALICEDES MOREJON CORCHO,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-96-199)

Submitted: March 19, 2003

Decided: April 1, 2003

Before LUTTIG, NIEMEYER, and WILLIAMS, Circuit Judges.

---

Vacated and remanded with instructions by unpublished per curiam
opinion.

---

**COUNSEL**

Alicedes Morejon Corcho, Appellant Pro Se. Michael Lee Keller,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West
Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Alicedes Morejon Corcho appeals the district court's order granting his motion for reconsideration of its denial of his motion for administrative relief, construing his motion for administrative relief as a 28 U.S.C. § 2255 (2000) motion, and dismissing the § 2255 motion as successive. We vacate the district court's order and remand for further proceedings as set forth below.

Corcho was convicted of conspiracy to distribute and possess with intent to distribute cocaine, and aiding and abetting possession with intent to distribute cocaine. In addition to imposing a 120 month sentence, the district court imposed a special assessment of $200 and a $5000 fine. A schedule of payments contained in the criminal judgment provided that $200 was payable immediately, with the balance to be paid in installments to commence thirty days after the date of judgment. Although the criminal judgment did not specifically delegate authority to the Bureau of Prisons ("BOP") to set the amount and timing of payments, the district court did not set a payment schedule and it appears that the BOP has been determining the installment payments.

In his motion for administrative relief in the district court, Corcho asserted that the district court had improperly delegated its authority to set the amount and timing of his fine payments to the BOP in violation of *United States v. Miller*, 77 F.3d 71, 78 (4th Cir. 1996). On appeal, he contends that the district court erred in construing this motion as a § 2255 motion, and explains that he was merely seeking an order of clarification to prevent the BOP from establishing a payment schedule for the fine.

We find that Corcho's motion only challenges the implementation of the fine portion of his sentence. Because he does not seek to be released from custody and it is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order, we construe his motion as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000). *See Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases holding that a

§ 2255 motion may not be used for the sole purpose of challenging fines or restitution orders); *cf. United States v. Miller*, 871 F.2d 488, 489-90 (4th Cir. 1989) (holding that a claim for jail time credits should be brought under § 2241).

A § 2241 petition must be brought in the district in which the petitioner is incarcerated, *see In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000), and Corcho is presently incarcerated in Miami, Florida. Accordingly, we grant leave to proceed in forma pauperis, vacate the district court's order, and remand for the district court to determine whether transferring Corcho's § 2241 petition to the proper federal district court would serve the interests of justice, *see* 28 U.S.C. § 1631 (2000), or whether the action is more appropriately dismissed without prejudice to allow Corcho to file his action in the appropriate district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED WITH INSTRUCTIONS*