**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-6311

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOUGLAS CAMPBELL, II,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (1:98-cr-00176-NCT; 1:05-cv-01035-NCT)

Submitted:  June 30, 2006

Decided:  July 20, 2006

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded with instructions by unpublished per curiam opinion.

Douglas Campbell, II, Appellant Pro Se.  Angela Hewlett Miller, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Douglas Campbell, II, appeals the district court's order adopting the magistrate judge's recommendation and construing his Fed. R. Crim. P. 36 motion as a motion under 28 U.S.C. § 2255 (2000), and dismissing it without prejudice to file a new motion on the proper § 2255 form. We vacate the district court's order and remand for further proceedings as set forth below.

Campbell was convicted of bank robbery. In addition to imposing a 120-month sentence and a three-year term of supervised release, the district court ordered Campbell to pay restitution of $2874. The criminal judgment expressly ordered payment of $900 of the restitution payable immediately, and set out a payment schedule for any amount remaining after incarceration, with a schedule for repayment during Campbell's period of supervised release. Although the criminal judgment did not specifically delegate authority to the Bureau of Prisons ("BOP") to set the amount and timing of payments during incarceration, the district court did not set a payment schedule for that time period in the judgment and Campbell claims the BOP has been determining the installment payments.

In his motion, Campbell asserts that the district court improperly delegated its authority to set the amount and timing of his restitution payments to the BOP in violation of United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). He seeks an amendment to the judgment order to reflect a schedule of payments for which

he is responsible during incarceration, not to exceed $50 per quarter.

Campbell's motion challenges only the implementation of the restitution portion of his sentence.  Because he does not seek to be released from custody, we find that the district court erred in construing his motion pursuant to § 2255, and rather should have construed it as a petition for habeas corpus relief arising under 28 U.S.C. § 2241 (2000).  See Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases holding that a § 2255 motion may not be used for challenging fines or restitution orders).

A § 2241 petition must be brought in the district in which petitioner is incarcerated, see In re Jones, 226 F.3d 328, 332 (4th Cir. 2000), and Campbell presently is incarcerated in Butner, North Carolina.  Accordingly, we vacate the district court's order and remand for the district court to determine whether transferring Campbell's § 2241 petition to the proper federal district court would serve the interests of justice, see 28 U.S.C. § 1631 (2000), or whether the action is more appropriately dismissed without prejudice to allow Campbell the opportunity to file his action in the appropriate district court.*  We dispense with oral argument because the facts and legal contentions are

_____

*We do not mean to suggest that there is any infirmity in the judgment order as presently entered, and leave that determination to the appropriate district court.

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>
<u>WITH INSTRUCTIONS</u>
