[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

No. 07-11343
Non-Argument Calendar

_____

D. C. Docket No. 94-00108-CR-FTM-29-D

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE A. YOUNG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 3, 2007)**

Before DUBINA, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Appellant Jermaine A. Young, proceeding *pro se*, appeals the denial of his

*pro se* motion for resentencing, brought pursuant to 18 U.S.C. §§ 3664(o)(2) and 3565, and through which he challenged the district court's entry of an amended judgment in 2002 that clarified the procedure through which he should fulfill his restitution obligation related to his 1995 convictions for carjacking, kidnaping, and firearms charges.

Young argues on appeal that the district court lacked jurisdiction to amend his original judgment several years after his original judgment was entered. The government argues that the district court lacked jurisdiction to consider the merits of Young's resentencing motion.

We must resolve jurisdictional issues before we address the merits of the underlying claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102, 118 S. Ct. 1003, 1012-16 (1998). We review a "district court's determination that it lacked subject matter jurisdiction *de novo*." *Mahone v. Ray*, 326 F.3d 1176, 1178 (11th Cir. 2003).

As an initial matter, a crucial part of Young's argument is his assertion that the district court did not have jurisdiction to amend his judgment several years after the court entered the original judgment. Because Young failed to file a direct appeal of the district court's amended judgment, we may not now review that judgment, and our scope of review is limited to whether Young could move for

resentencing pursuant to §§ 3664(o)(2) and 3565. *See United States v. Machado*, 465 F.3d 1301, 1305-06 (11th Cir. 2006).

Regarding Young's assertion that his motion could be brought through §§ 3664(o)(2) and 3565, we note that the Victim and Witness Protection Act of 1982 ("VWPA"), Pub.L.No. 97-291, 96 Stat. 1248, was amended substantially by the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub.L.No. 104-132, 110 Stat. 1227, which became effective on April 24, 1996. *See United States v. Siegel*, 153 F.3d 1256, 1258 (11th Cir. 1998). Because Young was convicted in 1995, the provisions of the MVRA are not applicable to his case. The VWPA did not include § 3664(o)(2), and, accordingly, Young may not attempt to use that subsection to attack his restitution order. *Compare* 18 U.S.C. § 3664 (1990) *and* 18 U.S.C. § 3664 (2002).

Additionally, even if the provisions of the MVRA did apply to Young's case, the current version of § 3664 specifically states that "[n]othing in this section . . . shall be construed to create a cause of action not otherwise authorized in favor of any person against the United States." 18 U.S.C. § 3664(p). Furthermore, nothing in the former restitution statute under which Young was sentenced created an independent cause of action to attack a restitution order. *See* 18 U.S.C. §§ 3663, 3663A, 3664 (1990). The other statute that Young cited in his resentencing

3

motion, § 3565, also fails to provide him a vehicle through which he could raise this motion, as § 3565 deals entirely with the revocation of probation. *See* 18 U.S.C. § 3565.

Furthermore, because Young solely was attacking his order of restitution, and not his imprisonment, his resentencing motion could not have been brought as a 28 U.S.C. § 2255 motion. *See Blaik v. United States*, 161 F.3d 1341, 1342-43 (11th Cir. 1998). Because Young was not authorized to apply for relief from his restitution order under § 2255, he could not have brought his resentencing motion as a § 2241 petition, either. *See* 28 U.S.C. § 2255 (¶ 5); *Blaik*, 161 F.3d at 1342-43.

Thus, we conclude from the record that the district court properly denied Young's resentencing motion because there was no procedural basis through which he could bring such a motion.

**AFFIRMED.**