[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-11520
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-01642-CV-TWT-1 & 04-00224 CR-2-1

BRENDA BROWN,

                                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 20, 2007)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Brenda Brown, a federal prisoner incarcerated for 60 months for conspiracy

to commit fraud, money laundering, and obstruction of justice; 87 months for wire fraud; and 87 months for obstruction of justice, appeals <u>pro se</u> the district judge's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. We affirm.

## I. BACKGROUND

Brown pled guilty in 2004 under a plea agreement to three counts of a 158-count indictment charging her and twelve other individuals with conspiracy to commit wire fraud, money laundering, and obstruction of justice. The plea agreement contained a "LIMITED WAIVER OF APPEAL" that provides:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal her sentence and the right to collaterally attack her sentence in any post conviction proceeding on any ground, except that the defendant may file a direct appeal of an upward departure from the otherwise applicable sentencing guideline range.

R1-177 at 5. The plea agreement also permitted Brown to file a direct appeal if the government appealed. Brown signed the plea agreement and acknowledged that she understood the terms, had discussed them with her attorney, and recognized that she was waiving most of her appellate rights. The plea agreement did not contain a waiver of the right to appeal the determination of guilt.

At the plea colloquy, the district judge ensured that Brown understood the rights that she was waiving, the nature of the charges, the maximum sentences that

2

could be imposed, and that she wanted to plead guilty. The judge also noted that Brown could appeal only if he upwardly departed from the Sentencing Guidelines, and Brown stated that she understood and was voluntarily waiving her right to appeal her sentence. Brown also acknowledged that she could be ordered to pay restitution to the victims of the offense.

The presentence investigation report ("PSI") assigned Brown criminal history category I, which, when combined with a total offense level of 38, resulted in the accompanying Sentencing Guidelines range of 235 to 293 months of imprisonment. The PSI recommended setting restitution at $11,237,474.95. Brown raised several objections to the PSI, including erroneous restitution calculations.

Before her sentence was imposed, Brown withdrew her restitution objection. The government requested 90 additional days in which to determine the final amount of restitution; Brown did not object. After considering a motion by the government for a downward departure and determining that an even greater departure was appropriate, the district judge found that the applicable Sentencing Guidelines range was 87 to 108 months of imprisonment and sentenced Brown to 60 months on the conspiracy count, 87 months on the wire-fraud count, and 87 months on the obstruction-of-justice count, all to run concurrently. Before

3

concluding the proceeding, the judge informed Brown that she had ten days from the entry of judgment in which to appeal.

Judgment was entered on July 6, 2005; no notice of appeal was filed. On December 16, 2005, the judgment was amended to change the total restitution calculation to $11,089,686.23, for which Brown was held jointly and severally liable with other codefendants. No notice of appeal was filed.

Nevertheless, Brown filed her § 2255 motion within one year of the expiration of the time in which to file a direct appeal. The district judge denied her § 2255 motion and determined that he had no authority to grant the motion because she freely and voluntarily waived her right to appeal or collaterally attack her sentence. Judgment was entered.

Brown timely requested a certificate of appealability ("COA") on three issues. First, she argued that her rights to effective assistance of counsel and due process were violated when her counsel failed to file an Anders[1] brief. According to Brown, "an appeal waiver does not foreclose the filing of a so-called 'Anders' brief, and counsel's failure to do [s]o when requested by a client triggers the per se . . . prejudice rule." R2-474 at 2. Second, she contended that her constitutional procedural rights were violated by the erroneous manner in which restitution was

---

[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967).

calculated. Third, she maintained that the government had breached the plea agreement by holding her liable for restitution stemming from counts to which she did not plead guilty. Brown further requested permission to file an out-of-time appeal.

In her pro se § 2255 motion, Brown alleged (1) that the district judge improperly ordered her to make restitution and (2) that the judge improperly determined the amount of restitution, in violation of her plea agreement. Although she admitted pleading guilty and not appealing, she asserted that she did not file a direct appeal because

> I was informed by my attorney that if I appealed my case I would end up with more time. Also, I was informed that I had waived all rights to appeal as it was stipulated in the Plea Agreement. My legal knowledge was lacking. Therefore, I relied on my attorney's advice as to how [to] proceed in this matter and to not appeal.

R2-443 at 4.

More than two months later, Brown submitted a memorandum of law and argued that the restitution amount was erroneously calculated because restitution should result only from the counts of conviction; she contended that she had been held liable for other counts. Consequently, she argued that the plea agreement was breached because the government had agreed to dismiss the remaining counts. Additionally, she contended that she was never provided an opportunity to

5

challenge the restitution amount because the order was erroneously entered post-sentencing. Brown requested that she be permitted to re-plead or that the case be remanded to a different judge for resentencing.

Brown also asserted that her guilty plea possibly was involuntary because she was clinically depressed at the time. She further contended that she did not receive proper legal representation because the government requested that she attend meetings without the aid of her counsel, and her counsel agreed. While her counsel had promised to file several objections to the PSI, he did not do so, and she was never given the opportunity to reject the plea agreement because the district judge's questions were not fully explained to her.

Notwithstanding the admission in her § 2255 motion that she chose not to appeal after consulting with her counsel, Brown contended that she was entitled to an out-of-time appeal on the issue of whether she received ineffective assistance of counsel because her counsel failed to file a notice of appeal. Brown stated that she asked her attorney to appeal but that her attorney refused and told her that she did not have the right to appeal. She also asserted that her sentence appeal waiver did not eliminate the need to file an Anders brief and that failure to do so after a client's request constitutes per se prejudice.

The district judge granted a COA only as to "whether the Defendant can

6

claim ineffective assistance of counsel for failure to file an Anders brief where the Defendant waived her right to appeal from her guilty plea."[2]  R2-480.   Neither Brown nor the government moved to amend the COA before briefing was completed.

## II. DISCUSSION

A. Appellate Review of a § 2255 Motion with a Sentence Appeal Waiver Provision

Brown generally argues that the district judge erred in denying her motion for post-conviction relief and that the judge incorrectly found that her sentence appeal waiver barred her from seeking post-conviction relief.  In a § 2255 proceeding, we review a district judge's legal conclusions de novo and factual findings for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Arguments outside the scope of the COA usually will not be considered on appeal, although the COA will be construed in light of the pleadings and record.  Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (per curiam).  Because Brown is proceeding pro se, we liberally construe her pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

We construe a COA in light of the pleadings and record to determine whether Brown waived her right to collateral appeal, since the district judge denied

---

[2]  We consider appellate briefing generally to encompass an Anders brief.

7

her § 2255 motion based on the collateral appeal waiver and not on the merits. Murray, 145 F.3d at 1251. We have held that sentence appeal waivers are valid if they are made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). For a sentence appeal waiver to be enforced, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1351. "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Id.

At the plea colloquy, the district judge specifically questioned Brown about her sentence appeal waiver, and she acknowledged that she was waiving her rights to appeal unless the district judge departed upward. Although the judge did not specifically note that Brown was waiving the right to challenge her sentence collaterally, this waiver was stated plainly in her plea agreement, to which Brown agreed after acknowledging that she had read and understood it. Therefore, her sentence appeal waiver was made knowingly and voluntarily, and is valid.

8

Bushert, 997 F.2d at 1350-51.  To the extent Brown properly raised sentencing arguments in her § 2255 motion, they are barred by the sentence appeal waiver in her plea agreement from being raised collaterally.

B. Restitution Challenges

Brown raises restitution issues in her pro se brief and in reply to the government's contention that these challenges are meritless.  A § 2255 motion cannot be used by a federal prisoner challenging the restitution portion of his or her sentence, because § 2255 applies only to claiming the right to be released from custody.  Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998).  Moreover, absent exceptional circumstances, a restitution calculation may not be challenged for the first time in a collateral proceeding.  Dohrmann v. United States, 442 F.3d 1279, 1280-81 (11th Cir. 2006).  Accordingly, we will not consider Brown's restitution arguments for the first time in her § 2255 motion.  Id.

C. Ineffective-Assistance-of-Counsel Allegations

Brown contends that her plea was involuntary, the government breached her plea agreement, and her counsel informed her that her conviction could not be appealed.  She also asserts that she had several objections to her PSI and asked her counsel to appeal these grounds, but her counsel did not appeal these or any sentencing issues.  Liberally construing her pro se brief, Brown suggests that she

9

specifically asked her counsel to file a notice of appeal and, because her counsel did not, she is entitled to an out-of-time appeal.

The COA plausibly may be construed to ask whether Brown's counsel was ineffective for not filing an appellate brief.[3]  Given its wording, the COA cannot be construed to ask whether counsel was ineffective for failing to file a notice of appeal, and the district judge did not address this issue in his order.  Whether counsel is ineffective is a mixed question of law and fact that we review de novo. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002).  Because Brown conceded in her § 2255 motion that her counsel consulted with her, and she agreed not to file a notice of appeal, Brown's counsel satisfied her constitutional duty to consult with Brown.  See Roe v. Flores-Ortega, 528 U.S. 470, 480, 120 S.Ct. 1029, 1036 (2000) ("[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.").  Additionally, ineffective assistance of counsel also was not raised in Brown's § 2255 motion, but

_____

[3] Even if the COA may be construed to ask whether Brown's counsel was ineffective for not filing an Anders brief, failure to do so cannot prejudice a client because, if a meritorious issue exists, then counsel will be instructed to file a merits brief, and the client will be left in the same position as if a merits brief had been filed initially.  Anders, 386 U.S. at 744, 87 S.Ct. at 1400.

in the subsequent memorandum, and, because that claim does not relate back to the claims in her § 2255 motion and was filed after the expiration of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1), statute of limitations, it is time-barred. Therefore, Brown's counsel was not ineffective in failing to file a notice of appeal or an appellate brief.[4]

### III. CONCLUSION

Brown has appealed her imprisonment after pleading guilty to conspiracy to commit wire fraud, money laundering, and obstruction of justice. In her § 2255 motion, she contended that her counsel was ineffective for failing to file an appeal, although her plea agreement contained an sentence appeal waiver provision, and, upon advice from her counsel, Brown decided not to appeal. She also challenges the restitution portion of her sentence. As we have explained, Brown is bound by her plea agreement, restitution is not appropriately addressed in a § 2255 motion, she knowingly signed her plea agreement, and she agreed with her attorney's advice not to file an appeal. Accordingly, Brown's challenged sentence is

**AFFIRMED.**

---

[4] To the extent Brown contends that her guilty plea was not voluntary and intelligent, although such an argument is not precluded by her sentence appeal waiver, the record demonstrates otherwise. See generally R3. Furthermore, the district judge did not address this issue when he denied § 2255 relief, and the issue is outside the scope of the COA, which precludes our consideration. Murray, 145 F.3d at 1251.