

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-3-2008

# Trader v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"Trader v. USA" (2008). *2008 Decisions.* Paper 1068.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1068

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-207** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1141
_____

OSSIE ROBERT TRADER,

Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-03698)
District Judge:  Honorable Michael M. Baylson, III

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 22, 2008

Before:  SLOVITER, FISHER and HARDIMAN, <u>Circuit Judges</u>

(Filed: June 3, 2008 )
_____

OPINION
_____

PER CURIAM

Ossie Robert Trader appeals from an order of the United States District Court for

the Eastern District of Pennsylvania dismissing his petition for writ of habeas corpus filed

pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily affirm.

In 2007, Trader filed a § 2241 petition, alleging that the sentencing "court did not set a [restitution] payment schedule" under the Mandatory Victims Restitution Act ("MVRA"). The District Court characterized Trader's claim slightly differently, stating that he was "attack[ing] the legality of the court's calculation of the amount of restitution he has been ordered to make." In any event, the District Court dismissed the petition, noting that "relief is not available under any part of AEDPA, including both 28 U.S.C. § 2255 and 28 U.S.C. § 2241, if the petition solely attacks the imposition of a monetary fine or an order of restitution." Trader appealed.

To the extent that Trader challenged the terms of his restitution order, the District Court correctly concluded that he could not raise such a claim in a § 2255 motion. See Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998) (holding that § 2255 may not be utilized by a person in federal custody to attack only the restitution portion of his sentence because § 2255 affords relief only to those claiming the right to be released from custody). We also agree with the District Court insofar as it concluded that Trader's claim does not fall within the purview of § 2241. Trader did not challenge the execution of his sentence. Instead, he essentially alleged that the sentencing court failed to follow the strictures of the MVRA.[1] See, e.g., Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir.

---

[1]Notably, it appears that Trader was convicted and sentenced under the MVRA's predecessor statute, the Victim and Witness Protection Act, which did not require the sentencing court to set the schedule of payments. See United States v. Corley, 500 F.3d 210, 226 (3d Cir. 2007); United States v. Cottman, 142 F.3d 160, 168 n.10 (3d Cir. 1998).

2001) (federal prisoners' claims involving execution of sentence are cognizable under § 2241).

Therefore, because the District Court lacked jurisdiction to entertain Trader's claim, we will summarily affirm.[2]

---

[2]Trader's motion to expedite consideration of this appeal is denied.