[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  19-11179
Non-Argument Calendar

_____

D.C. Docket No. 1:03-cr-20678-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORNELL ADLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 15, 2019)

Before WILSON, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Cornell Adley, a federal prisoner serving a 387-month sentence, appeals the

district court's order denying his petition for a writ of error *coram nobis*.  The

government has filed motions for summary affirmance and to stay the briefing schedule.  After careful review, we grant the government's motion for summary affirmance, and deny as moot the government's motion to stay the briefing schedule.

Summary disposition is appropriate where (1) time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or (2) "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  An appeal is frivolous if it is without arguable merit either in law or fact.  *See Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).

We review a district court's denial of a petition for writ of error *coram nobis* for abuse of discretion.  *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000).  An error of law is an abuse of discretion.  *Id.*

The All Writs Act, 28 U.S.C. § 1651, gives federal courts authority to issue writs of error *coram nobis*.  *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000).  "A writ of error *coram nobis* is a remedy available to vacate a conviction

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all decisions of the "old Fifth" circuit handed down prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit).

2

when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). The writ of error *coram nobis* is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *Mills*, 221 F.3d at 1203.

A writ of *coram nobis* is appropriate only when there "is and was no other available avenue of relief." *Alikhani*, 200 F.3d at 734. And the writ is available only when the error involves "a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Id.* (quotation marks omitted). Furthermore, district courts may consider *coram nobis* petitions only when the petitioner presents sound reasons for failing to seek relief earlier. *Mills*, 221 F.3d at 1204.

Adley argues that *coram nobis* relief is warranted because the district court erroneously imposed a sentence that exceeded the statutory maximum.[2] He argues

---

[2] A federal grand jury issued a superseding indictment charging Adley with, among other things, intent to distribute a mixture and substance containing "a detectable amount" of cocaine under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 and 18 U.S.C. § 2. Adley was convicted. The jury verdict and Presentence Investigation Report, however, indicated that the offense involved "at least 500 grams but less than 2 kilograms of cocaine," which carries a 5-year mandatory minimum and a 40-year statutory maximum. 21 U.S.C. § 841(b)(1)(B)(ii). Adley argues that the indictment charged him only with a "detectable amount" of cocaine, which carries a statutory imprisonment range of up to 20 years. Because Adley was sentenced to 327 months (about 27 years), he argues that his sentence exceeded the statutory maximum for the offense charged in the indictment. But, as a threshold matter, we must first decide whether a writ of error *coram nobis* is the appropriate vehicle for Adley's claim. Because we conclude that Adley is not entitled to *coram nobis* relief, we decline to reach his claim that the district court erroneously imposed a sentence that exceeded the statutory maximum.

3

that no other relief is available, sound reasons exist for his failure to seek relief earlier, and the results of the error persist because he would be eligible for immediate release under a correct sentence.  He asserts that relief is not available under 28 U.S.C. § 2255 because his claim does not meet the requirements of § 2255(h) for second or successive motions.[3]

Adley's appeal is frivolous, and there is no substantial question about the outcome of the case.  *See Davis*, 406 F.2d at 1162.  First, because Adley remains in custody, *coram nobis* relief is generally unavailable to him.  *See Peter*, 310 F.3d at 712.  Adley relies on a non-binding, unpublished opinion for the proposition that *coram nobis* relief may be available to individuals who are still in custody if § 2255 does not provide an avenue for relief.  *See Ramdeo v. United States*, 760 F. App'x 900, 903 n.2 (11th Cir. 2019).  In *Ramdeo*, the petitioner sought to challenge his restitution order through a writ of *audita querela*, which the district court construed as a writ of error *coram nobis* and denied.  *Id.* at 902.  On appeal, Ramdeo argued that the district court erred in construing his petition as seeking

---

[3] A prisoner in custody may move for the sentencing court to vacate, set aside, or correct the sentence, "claiming the right to be released upon the ground . . . that the sentence was in excess of the maximum authorized by law."  28 U.S.C. § 2255(a).  When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from the court of appeals before filing a second or successive § 2255 motion.  *Id.* §§ 2244(b), 2255(h).  In the context of 28 U.S.C. § 2241, we have held that the bar on second or successive § 2255 motions in § 2255(h) does not render § 2255 inadequate as a remedy if the claim would have been cognizable in the prisoner's original § 2255 motion.  *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1086–87, 1092 (11th Cir. 2017) (en banc).

*coram nobis* relief.  *Id.*  We noted that his challenge was "better cast" as a petition for writ of error *coram nobis*, but even assuming that Ramdeo was correct, we concluded that he was not entitled to *audita querela* relief.  *Id.* at 903.  In a footnote, we noted that we declined to address two issues, including whether *coram nobis* relief was available under the particular facts of the case.  *Id.* at 903 n.2.  We stated:

> The facts of Mr. Ramdeo's petition seem to expose an exception to the general rule that someone "in custody" cannot obtain *coram nobis* relief because Mr. Ramdeo is serving his criminal sentence, but § 2255 does not provide an avenue for relief.  *See Blaik v. United States*, 161 F.3d 1341, 1343 (11th Cir. 1998) (holding that § 2255 cannot be used by a federal prisoner who challenges only the restitution portion of his sentence).  We leave these issues for another day.

*Id.*

Adley's argument relies on an unresolved issue contemplated in a footnote that *coram nobis* relief could be available to individuals who remain in custody if no other relief is available.  *See id.*  *Coram nobis* is only available, however, when there "is *and was* no other available avenue of relief."  *Alikhani*, 200 F.3d at 734 (emphasis added).  Even if the exception contemplated in *Ramdeo* was recognized, the case is distinguishable: Ramdeo's restitution claim would not have been cognizable in a § 2255 motion.  *See Ramdeo*, 760 F. App'x at 901, 903 n.2.

In contrast to *Ramdeo*, Adley's claim that his sentence exceeded the statutory maximum is cognizable in a 28 U.S.C. § 2255 motion to vacate.

5

Therefore, he cannot argue that the district court abused its discretion by concluding that, even if there is an exception to the out-of-custody requirement for *coram nobis* relief for claims that cannot be raised under § 2255, that exception does not apply to Adley. *See Preslicka*, 314 F.3d at 531. That the bar on second or successive motions in § 2255(h) might preclude Adley from raising his claim at this point does not mean that no other form of relief is or was available. *See McCarthan*, 851 F.3d at 1086–87, 1092; *see also Alikhani*, 200 F.3d at 734.

Because Adley's appeal is frivolous and there is no substantial question as to the outcome of the case, the government's motion for summary affirmance is granted, and its motion to stay the briefing schedule is denied as moot.

**GRANTED IN PART, DENIED IN PART.**

**AFFIRMED.**