[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10549

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAJIY WILLIAMS,
a.k.a. King,
a.k.a. G,
a.k.a. Razu,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:17-cr-00024-MTT-CHW-1

———————————

Before WILLIAM PRYOR, Chief Judge, JORDAN and BRASHER, Circuit Judges.

PER CURIAM:

Najiy Williams appeals his sentence of 174 months of imprisonment for enticing a woman to travel interstate to engage in prostitution. 18 U.S.C. §§ 2, 2422(a). In this out-of-time appeal, Williams argues that trial counsel was ineffective in failing to investigate and present mitigating evidence about his upbringing, but that claim should be raised on collateral review where a factual record can be developed. *See* 28 U.S.C. § 2255; *Massaro v. United States*, 538 U.S. 500 (2003). Williams also challenges the calculation of restitution and the six-month reduction awarded for his substantial assistance, *see* United States Sentencing Guidelines Manual § 5K1.1 (Nov. 2018). And he argues that cumulative error warrants reversal. We affirm.

Williams agreed to plead guilty to enticing a woman to travel interstate to engage in prostitution in exchange for the dismissal of ten other charges for conspiring to and for enticing and trafficking minors and women for prostitution. *See* 18 U.S.C. §§ 2,

1591, 1594(c), 2421(a), 2422(a). His plea agreement stated that Williams and the government "agree[d] to make a non-binding recommendation of a sentence of at least 180 months less any reduction for 5K1.1 'substantial assistance,' as determined by the Court." The plea agreement also stated that the district court would impose "restitution in this case pursuant to Title 18, United States Code, Section 1593" with the "amount . . . to be paid to J.A., N.J., T.W., B.H., B.S.S., I.F., and T.M. . . . determined . . . at a hearing at the time of sentencing." And when questioned by the district court, Williams acknowledged that he understood the effect of those two provisions. The district court accepted Williams's plea of guilty and sentenced him to 180 months of imprisonment minus six months for his substantial assistance, U.S.S.G. § 5K1.1.

The government requested $168,601.80 in restitution to account for the proceeds of the more than one thousand illegal sexual acts performed and for the losses that Williams's victims reported. The government relied on Williams's factual basis, which recounted how he organized a conspiracy that used false advertising to lure four minors, who were victims of sex trafficking, and three adult women to travel interstate and forced all of them to engage in prostitution. In his factual basis, Williams admitted that he set the price for the victims' services, required them to submit payments they received, tracked them, arranged their travel and lodging, and used an eighth prostitute who joined the enterprise as a supervisor.

Williams objected to the amount of restitution. He argued that "the illegal business ran no more than a 50% margin of profit at any given time." He asked the district court to subtract his overhead expenses from his ill-gotten proceeds and to "reduce [the amount of restitution] to no more than $84,300.00."

After hearing testimony from a federal agent about the operations of the conspiracy and its proceeds and reviewing briefs submitted by the parties, the district court ordered Williams to pay $168,601.80 in restitution. The district court found that the government proved by a preponderance of the evidence that the restitution requested "based on the evidence is reasonable." The district court ruled that the costs Williams sought to deduct, "such as hair and nail appointments, condoms, and hotel rooms," were not deductible as living expenses, see United States v. Baston, 818 F.3d 651, 660, 665 (11th Cir. 2016), and instead were business expenses that enured to his "benefit as an employer."

Williams challenges the calculation of his restitution, as a claim of ineffective assistance of trial counsel. Because the underlying substantive issue was fully developed by the parties and decided by the district court, and Williams cannot obtain relief from restitution in a postconviction motion, see Blaik v. United States, 161 F.3d 1341 (11th Cir. 1998), we review the order of restitution. Our review is de novo. United States v. Williams, 5 F.4th 1295, 1305 (11th Cir. 2021).

Williams's argument is foreclosed by our recent decision in Williams, where we held that a district court is not "permitted . . .

to offset the restitution it order[s] by the amount [a defendant] expend[s] on his victims' living expenses." 5 F.4th at 1305. We based our conclusion on the language in the Trafficking Victims Protection Act that requires a defendant convicted of sex trafficking to pay "the full amount of the victim's losses," 18 U.S.C. § 1593(b)(1), and "the gross income or value to the defendant of the victim's services or labor," *id.* § 1593(b)(3). We explained that, "by emphasizing that the victim is entitled to the 'gross income' derived from her trafficking, the [statutory] text is clear . . . [that] she is entitled to the full amount, without any offset." *Williams*, 5 F.4th at 1306. Williams does not dispute that he owed each victim her stated losses and the profits he derived from her illegal services.

We reject the argument by the government that the doctrine of invited error bars Williams from challenging the extent of the departure awarded for his substantial assistance. The doctrine of invited error applies only "when a party induces or invites the district court into making an error." *United States v. Maradiaga*, 987 F.3d 1315, 1322 (11th Cir. 2021) (quoting *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009)). Neither Williams's stipulation that the district court could determine what reduction he would receive for his substantial assistance nor his failure to object at sentencing invited the error about which he complains.

Because Williams failed to challenge the extent of the departure in the district court, our review is only for plain error. *See United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014). Under that standard, Williams must prove that the district court

committed an error that is plain and that affects his substantial rights. *See id.*

The district court committed no error in determining that Williams's assistance merited a six-month reduction of his sentence. Williams argues that the district court considered his substantial assistance as part of a sentencing package instead of evaluating it separately, but the record refutes Williams's argument. The district court complied with its obligation to consider the usefulness of Williams's assistance, the truthfulness and completeness of his information, the nature and extent of his assistance, any injury or risk of danger to him and his family because of his assistance, and the timeliness of his assistance. *See United States v. Livesay*, 525 F.3d 1081, 1092 (11th Cir. 2008). The district court inquired about what information Williams provided, when it was divulged, and its helpfulness to the government. The prosecutor described Williams's background and stated that he was forthcoming with truthful information, but it was minimally helpful. The district court considered the motion filed by the government and its assessment of Williams's assistance, as it was required to do. *See* U.S.S.G. § 5K1.1 cmt. n.3. And the district court explained that it had taken "into consideration the overall circumstances of [the] prosecution," and made an "individualized assessment of the facts of [Williams's] case" in determining the extent it would depart.

Williams's argument about cumulative error fails. "Where there is no error or only a single error, there can be no cumulative

21-10549                Opinion of the Court                7

error." *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011).
Williams identifies no error.

We **AFFIRM** Williams's sentence.